ORDERED.

**Dated:  May 29, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Abdiel Echeverria, Sr. and | ) | Case No. 6:18-bk-07478-KSJ |
| Isabel Santamaria, Sr. | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Abdiel Echeverria and | ) | |
| Isabel Santamaria, | ) | Adv. No.  6:19-ap-00141-KSJ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| National Auto Finance Company, Inc. and | ) | |
| Ally Servicing LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION
DENYING PLAINTIFFS' MOTION FOR SANCTIONS
AND DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE**

1

In 2008, Abdiel Echeverria and Isabel Santamaria ("Debtors" or "Plaintiffs"), bought a used Chevrolet Uplander financed by the Defendants.[1] In 2014, problems arose, and Debtors returned the car to the Defendants with an agreed final payment of $1,000,[2] thinking they had no more financial obligations to the Defendants. However, between 2014 and 2018, Defendants allegedly continued collections efforts against the Debtors in violation of the parties' settlement agreement.[3] These allegedly improper collection actions, which occurred before this bankruptcy case was filed,[4] serve as the basis for the Debtors four claims against the Defendants in this adversary proceeding.[5]

On December 3, 2018, Debtors filed a Chapter 13 bankruptcy case,[6] and shortly thereafter Defendants filed a proof of claim (the "Proof of Claim").[7] Debtors objected to the Proof of Claim,[8] and I entered an order which gave Defendants 30 days to file a response (the "Order").[9] Defendants instead withdrew their Proof of Claim.[10]

At about the same time, Debtors converted their bankruptcy case to Chapter 7.[11] Robert Thomas was appointed as the Chapter 7 Trustee. The Debtors waited until *after* they converted their bankruptcy case to Chapter 7 and a Chapter 7 Trustee was appointed to file this adversary

---

[1] Doc. No. 1. Defendant National Auto Finance Company, Inc. made the loan. Defendant Ally Servicing, LLC may have acted as a servicer of the loan. For the purposes of this Memorandum Opinion, the exact role and relationship between the Defendants is irrelevant. As such, the Court collectively refer to the National Auto Finance Company, Inc. and Ally Servicing, LLC as the "Defendants."

[2] Defendants sent the Debtors a formal settlement letter on February 18, 2014. Plaintiffs mailed a check for $1,000 to the Defendants on March 3, 2014.

[3] Doc. No. 1.

[4] Debtors filed this case as a Chapter 13 case on December 3, 2018. Doc. No. 1 in the Main Case: 6:18-bk-07478-KSJ ("Main Case").

[5] Doc. No. 1. The four counts raised in the Debtors' Complaint are for breach of the settlement agreement; fraudulent misrepresentations associated with the settlement agreement; violation of the Fair Credit Reporting Act for continuing to collect the debt after the settlement agreement; and similar collection violations of the Florida Fair Debt Collection Practices Act.

[6] Doc. No. 1 in Main Case.

[7] Claim No. 1-1 in Main Case.

[8] Doc. No. 23 in Main Case.

[9] Doc. No. 25 in Main Case. The Order was entered on February 22, 2019.

[10] Doc. No. 42 in Main Case. The Proof of Claim was withdrawn on April 26, 2019.

[11] Doc. Nos. 28 and 29 in Main Case. Debtors converted this case to Chapter 7 on March 15, 2019.

proceeding.[12]  On June 27, 2019, Debtors received a discharge in their Chapter 7 bankruptcy case.[13]  The Trustee found no assets to administer; no distributions were made to creditors.

Defendants now move to dismiss this adversary proceeding as a matter of law because the Court lacks subject matter jurisdiction to hear the Plaintiffs' claims.[14]  Defendants contend that, because the Debtors never scheduled or disclosed their claims against the Defendants, any recovery would have no impact on the bankruptcy estate.  And, as such, there is no bankruptcy purpose in allowing the adversary proceeding to continue.  Although not directly raised by Defendants in their motion,[15] Defendants' argument presents the Court with a more significant issue to consider—Plaintiffs' lack of standing.

Standing is a threshold question for every federal case.[16]  "Standing…is a doctrine rooted in the traditional understanding of a case or controversy....[It] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[17]  It cannot be "waived or conceded by the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case."[18]  And, when a plaintiff lacks standing to bring a claim, the court is powerless to continue with the proceeding.[19]

Because the Debtors failed to schedule or disclose their claims against the Defendants, the Court concludes Debtors lack standing to raise the claims alleged in the complaint.  The adversary

---

[12] Debtors filed this adversary proceeding on April 12, 2019.

[13] Doc. 48 in Main Case.

[14] Doc. Nos. 48 and 49. Debtors filed a Response. Doc. No. 51.  Defendants filed a Reply.  Doc. No. 58.

[15] Doc. No. 10. Defendants, in the Eight Affirmative Defense of their Answer, allege Plaintiffs' claims fail to the extent they lack standing, and request dismissal of Plaintiffs' claims with prejudice.

[16] *In re Martino*, Case No. 8:16-cv-2105-T-33, 2017 WL 1519797 at *4 (M.D. Fla. April 27, 2017).

[17] *Id.* quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

[18] *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

[19] *Martino*, Case No. 8:16-cv-2105-T-33, 2017 WL 1519797 at *4 (M.D. Fla. April 27, 2017) (District Court vacated judgment and remanded adversary proceeding to bankruptcy court for dismissal due to Plaintiff's lack of standing).

proceeding must be dismissed with prejudice.  Only the Chapter 7 Trustee has standing to raise the claims challenging Defendants' improper pre-petition collection efforts.

Under black letter bankruptcy law, a pre-petition cause of action is property of the Chapter 7 bankruptcy estate, and *only* the appointed Chapter 7 Trustee has standing to pursue it.[20] Section 541 of the Bankruptcy Code[21] defines a debtor's bankruptcy estate to include "all legal and equitable interests of the debtor in property as of the commencement of the case." Because a debtor has a legal or equitable interest in pre-petition causes of action, such property is included within the penumbra of "property of the estate."[22] The trustee, as the representative of the estate, becomes the only party in interest to bring a cause of action that belongs to the estate.[23]

Under § 554 of the Bankruptcy Code, once an asset becomes property of the bankruptcy estate, the debtor's rights are extinguished unless the asset is abandoned back to the debtor.[24] At the close of the bankruptcy case, property of the estate not abandoned under § 554 and not administered by the trustee remains property of the estate in perpetuity.[25] A debtor's failure to list an interest on a bankruptcy schedule leaves that interest forever in the bankruptcy estate.[26]

Debtors' claims against Defendants arose between 2014 and 2018, before this bankruptcy was filed in December 2018.  They are pre-petition claims included as property of this bankruptcy estate.  Only the appointed Chapter 7 Trustee, Robert Thomas, has standing to pursue the claims. This makes sense because the job of the Chapter 7 Trustee is to collect assets and to distribute

---

[20] *In re Xenerga, Inc.*, 449 B.R. 594, 598 (Bankr. M.D. Fla. 2011). The Eleventh Circuit adopted this standard in *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003) and *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268 (11th Cir. 2004).  Both of these 11th Circuit decisions were later modified by the 11th Circuit opinion of *Slater v. United States Steel Corporation*, 871 F. 3d 1174 (11th Cir. 2017) in articulating the two applicable prongs of the test for judicial estoppel; however, the later opinion in no way changed the Eleventh Circuit's holding limiting standing to the Chapter 7 Trustee to assert any claim arising before the bankruptcy case was filed.

[21] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101, *et. seq.*

[22] *In re Simmons*, 520 B.R. 136, 143 (Bankr. M.D. Fla. 2014).

[23] *Chen v. Siemens Energy, Inc.*, 467 Fed. Appx. 852, 853 (11th Cir. 2012).

[24] *Doscher v. Barnett*, Case No. 6:16-cv-1515-Orl-18TBS, 2016 WL 7366894 at *1 (M.D. Fla. November 4, 2016).

[25] *Id.*

[26] *Id.*

proceeds evenly pro-rata to similarly situation creditors.  Chapter 7 debtors benefit from receiving a discharge of their debts; but, in exchange, they relinquish the right to pursue or collect on any claim they had pre-petition.

Here, the Debtors did not disclose their claims against Defendants in their schedules.[27] Therefore, because the claims are unscheduled, they remain unabandoned and part of the property of the estate.[28]  Only the Chapter 7 Trustee has standing to assert these claims. Debtors have not stated a plausible claim to relief and may not assert the claims raised in this adversary proceeding.

Again, this makes sense.  Debtors failed to tell their Chapter 7 Trustee about these claims. Perhaps he would have pursued them; perhaps not.  But, without doubt, Debtors cannot pursue the claims that remain property of the estate.  Nor would it be fair to allow the Debtors to secret these undisclosed claims, sue Defendants, and then, if successful, keep any recovery that rightfully first should go to pay Debtors' creditors.  Debtors cannot get the benefits of a bankruptcy discharge and cherry pick assets, like the claims in this adversary proceeding, they would like to retain.  Part of the "bargain" in filing bankruptcy is relinquishing your right to pursue pre-petition claims like those asserted in this adversary proceeding.  The adversary proceeding will be dismissed with prejudice due to the Plaintiffs' lack of standing.

Before dismissal, however, I need to address one motion filed by the Debtors involving Defendants' post-petition conduct. Debtors seek sanctions against the Defendants under §105 of the Bankruptcy Code ("Motion for Sanctions") for filing the Proof of Claim and failing to timely

---

[27] *See* Doc. No. 13 in Main Case.
[28] Trustee did file a Notice of Abandonment (Doc. No. 44 in Main Case), but the Notice pertained to different claims against a different Creditor.

file a response.[29] Debtors argue Defendants' pre-bankruptcy conduct demonstrates the Proof of Claim is false and, by failing to timely respond, they conceded the claim was false.

Section 105(a) of the Bankruptcy Code gives the Court discretion to enter any order "necessary or appropriate to carry out the provisions of this title" and the authority to take action that is necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process.[30] It allows bankruptcy courts to fashion flexible remedies to implement bankruptcy laws and rules.[31] The power granted under § 105 requires courts to use this discretion guardedly and fashion an appropriate remedy that preserves the integrity of the bankruptcy system but does not overreach.[32] As the Eleventh Circuit has stated, "section 105(a) is, on its face, a discretionary tool for the courts."[33]

The Court finds, under these circumstances, no sanctions are justified. Defendants did not violate the Order, which allowed but did not require the Defendants to file a written response to Debtors' objection.  Instead, they chose to withdraw their Proof of Claim. No sanctionable wrongdoing occurred.

In conclusion, Debtors' Motion for Sanctions is denied.  Defendants' motion to dismiss is granted because Debtors lack standing and have no right to assert the claims raised.  The adversary proceeding is dismissed with prejudice.  A separate order consistent with this Memorandum Opinion shall simultaneously issue.

###

Attorney, Gillian D. Williston, is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.

---

[29] Doc. No. 26. Defendants filed a Response to the Motion for Sanctions. Doc. No. 34. Plaintiffs filed a Reply. Doc. No. 39.
[30] 11 U.S.C. § 105.
[31] *In re Bentley*, Case No. 6:17–bk–00294–KSJ, 2018 WL 1318951, *2 (Bankr. M.D. Fla. Mar. 8, 2018).
[32] *Id.*
[33] *See John Richards Homes Building Co., L.L.C v Adell (In re Adell)*, 296 F. App'x 837, 839 (11th Cir. 2008) (finding bankruptcy court did not abuse its discretion in denying sanctions even though there was a bad faith finding).